CITY OF SKAGWAY v. HOME POWER CO., et al.

No. 3292.

First Division, Juneau.

May 9, 1932.

H. L. Faulkner, of Juneau, for plaintiff.
Hellenthal & Hellenthal, of Juneau, for defendants.

HARDING, District Judge.

This is an action brought by the city of Skagway against the Home Power Company and Charles Nye. The complaint in this case alleges the failure of the Home Power Company to comply with its contract and franchise to furnish lights and electric power to the inhabitants of the city of Skagway. An answer was filed, and certain affirmative defenses, which were stricken. The case proceeded to trial upon the pleadings, and evidence was introduced by both the plaintiff and the defendant for the purpose of

showing that the injunction in this case should be made absolute.

The temporary injunction in the first instance, was allowed only as to the city. There has been a good deal of confusion in this case, it seems to me, by reason of the fact that the court has received very little help from the pleadings, either the complaint or the answer, as applied to the evidence which was finally introduced in this case. The complaint asked a general injunction. It alleges the violation of the duty to furnish electric power, as to classes, and generally as to the people of Skagway. The proof shows that threats, or evidence at least was introduced to show threats, as to two individuals who were inhabitants of the city of Skagway.

There is no demurrer, and I agree with the contention of the defendant that a demurrer could not have been interposed to raise the question of whether the city of Skagway was the proper party in interest because the complaint alleges threats to cut off the city itself. I do, however, feel that the question of proper party in interest could have been raised before the case was closed on the evidence, possibly by motion, possibly by objection to evidence.

Having proceeded to the extent that the case was closed as to evidence before that question was raised, I feel it is too late to raise the question of whether the city of Skagway was the proper party to bring the suit.

I am inclined to think further that, if the city was the proper party upon the pleadings in the case and the evidence introduced, and in view of the authorities that have been cited by the plaintiff, the city represents the interests of the inhabitants. The city would, in event there was a general invasion of the rights of the people of the city or the invasion of a particular class or that such invasion was threatened, such as a case that might arise and have been cited by the plaintiff, where the public utility company has threatened to, or has, cut off lights, water, or gas because of the failure to pay the rate that was fixed, or where they

threatened to or did shut off such current or gas or water, by reason of the fact that certain inhabitants of the city had failed to pay more than the maximum rate provided by contract. This case does not give rise to such a situation. At best, it is the invasion of the rights of two inhabitants of the city, under the evidence and the grounds shown for such invasion depended upon, or perhaps such failure to supply the current is based upon the particular circumstances in the case. I still feel at this time I should permit the suit by the city and should not dismiss it on the ground it is not the proper party in interest.

■■ I find that there were threats to cut off the power of Mayor Mulvihill and Dr. Dahl; that their rights were threatened as regards the provision of the law which says that all the inhabitants of the community shall receive lights without denial to any, and, as to them, I will allow this injunction and decree that it be made permanent; but I feel that the complaint should be amended so as to make the pleadings apply particularly to these two individuals, rather than to the inhabitants generally. The prayer was that the injunction shall be that the Home Power Company shall be enjoined from cutting off the current of the inhabitants of the city generally. This would, it seems to me, be no more than a reaffirmance of the statute (Comp.Laws 1933, § 2412). The proof does not go to the point that there was any general threat at this time. I do not feel that a court of equity can grant an injunction enjoining somebody from violating the statute, unless the proof goes to the extent that there was a threat to do this. It seems to me that this method of procedure would be no more than an attempt to make a court of equity provide a speedy remedy by way of contempt proceedings to prevent the violation of a general statute. If there was no method provided by law to carry out this prohibition of the statute, that is not certainly ground why a court of equity should provide some remedy.

The point that was raised in this case, as to whether or not there was a contract by the city for the inhabitants, I

feel is largely determined by the pleadings. The contract and franchise were admitted in the pleadings; and this contract would necessarily be one that would be construed in the lights of existing statutes, that the current should be furnished generally to the inhabitants of the city. I feel that therefore the city is the trustee of an express trust. As I state, the proof and pleadings in this case have been hard to reconcile all the way through. I appreciate the fact that that arises largely from the fact that the action was brought largely upon fragmentary information furnished by wire which was made necessary by the lack of communication with Skagway. The defendant has probably been in an equally difficult position as to presenting its position.

However, the case has come to trial upon certain proof. I feel that in this case the court should consider the pleadings in the light of the proof and make such amendments as are necessary and grant such relief as it feels warranted under the proof in the case, and that is, that the injunction will be allowed as to the two individuals in question, Mr. Mulvihill and Mr. Dahl.

■ I wish, in view of the nature of the facts in this case, that each was an individual case. The court feels that the injunction can only cover the facts as they were presented. I do not mean to say in this decision that there may not be conditions that arise whereby the company could cut off the light of these two individuals, cut off their current, assuming that a wire would fall near the wires over which their current is carried to their property. I feel that the company would certainly have the right then to cut off the current to their property; but that the necessity must be immediate. I do not feel that the showing here, that there were wires existing, probably through the most dangerous period of the year, and they now come in and contend that wire menaces their property and the community generally, by reason of their proximity to the high-voltage wires, that that is any ground to attempt to exercise a sort of police power with reference to individual property owners. A

338

showing to permit them to cut off a current would have to be a showing of immediate necessity or immediate danger. The ordinance of the city of Skagway provides methods for correcting these situations as to wires in Skagway, as I understood the proof in this case. If the law does not provide it, there might be even a proceeding in this court to get an injunction to prevent maintenance of wires that are dangerous to the city, but I do not feel that that constituted any defense in the cases that I had before me in this case. It seems rather an afterthought rather than the immediate cause for this action.

I think, as I suggested, these pleadings should be drawn to conform to the proof, that they should be amended rather than asking an injunction as to the inhabitants of the city generally that i^ should be directed to the individuals involved. You can amend your pleadings accordingly and draw a decree according to the statement of the court. An exception is allowed the defendants.